Dear Mr. Williams:
You have requested our opinion regarding cancellation of homestead exemptions. According to your correspondence, it is your position that tax exemptions can be cancelled during a tax year when it can be proven that the owner of record no longer resides at the premises. You do not wait until the following tax determination date to cancel exemptions.
The homestead exemption is provided for in Article VII, Sec.20(A)(1) of the Louisiana Constitution of 1974 which states:
 "The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from State, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation.
The Supreme Court of Louisiana, in Lyons v. Andry, 31 So. 38 (1901), stated that: "the right of homestead exemption is in this State a constitutional right, and the terms by which it is granted should not be narrowed by either the legislature or the courts."
 "While the above decision has to do with the question of homestead exemptions from seizure the same rule is to be followed in the matter of homestead exemptions from taxation." (Opinions of the Attorney General 1936-38; p. 1046 and p. 1060)
This office has followed the well-established rule set forth by the Supreme Court of Louisiana in New Orleans Bank and Trust Company v. City of New Orleans, 147 So. 42 (1933), which held:
 "The taxable status of property relates to a certain day in each year. There must be some day of the year as of which the power to tax property at all is determined. That day fixes the power to tax with reference to whether the property was exempt from taxation on that date. If the property is exempt on the tax day, it is not liable for taxes during that fiscal year although it afterwards goes into the hands of those not exempt."
We note that since the above-quoted decision was rendered, the tax determination date in Orleans Parish has been changed to a date prior to the commencement of the then current tax year (Acts 1936, No. 227, Sec. 1). R.S. 47:1703(B) states:
 "In the Parish of Orleans, the status of real and personal property on the first day of August of each year shall determine its liability for or exemption from taxation for the following calendar year." (emphasis supplied)
This statute and the court's holding in New Orleans Bank Trust make it clear that if the property is determined to be eligible for a homestead exemption on August first, then the exemption applies for the entirety of the following calendar year.
In accordance with jurisprudence and previous opinions of this office, it is our opinion that the homestead exemption, once properly granted, applies for the entire tax year and should only be denied or "cancelled" for the following tax year. In Orleans Parish, the date of determination of entitlement to the homestead exemption is August first. If property is determined to be properly exempt on that date, then the exemption should be granted for the entirety of the following calendar year, and should not be cancelled during that tax year. However, the homestead exemption should not be renewed on the next tax determination date (August first) if the essential elements necessary for the exemption to apply, including ownership and occupation, are not present at that time.
I trust this answers your inquiry. Please feel free to contact this office if we can be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0116n